IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LAURA W.**[1],

Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

Defendant.

Civ. No. 3:24-cv-02054-CL

**OPINION AND ORDER**

---

MARK D. CLARKE, Magistrate Judge:

Plaintiff Laura W. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for Title II disability and disability insurance benefits. Full consent to magistrate judge jurisdiction was entered on December 12, 2024 (ECF #5). For the reasons provided below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability beginning October 11, 2021, due to, in relevant part, major depressive disorder, and generalized anxiety disorder, which manifest as frequent, uncontrollable bouts of crying, depressed mood, and passive suicidal ideation.

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

Her claims were denied initially and upon reconsideration. On June 12, 2024, a hearing was held before an Administrative Law Judge ("ALJ"), wherein Plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). The ALJ issued a decision denying Plaintiff's claims on July 16, 2024. The Appeals Council denied her request for review on November 1, 2024. Plaintiff now requests the United States District Court review the ALJ's decision and alleges harmful legal error.

**THE ALJ'S FINDINGS**

At step one of the five-step sequential evaluation process, the ALJ found Plaintiff met the insured status requirements through December 31, 2024, and she had not engaged in substantial gainful activity since the alleged onset date of October 11, 2021. Tr. 18. At step two, the ALJ determined the following impairments were medically determinable and severe: "cervical radiculopathy, neuropathy, hypertension, obesity, depressive disorder, and anxiety disorder" *Id.* At step three, the ALJ found Plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 19.

Because she did not establish a presumptive disability at step three, the ALJ continued to evaluate how Plaintiff's impairments affected her ability to work. The ALJ resolved that Plaintiff had the residual function capacity ("RFC") to perform light work except:

> she can stand and walk for a combined total of 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; understand, remember, and carry out simple instructions; use judgement to make simple work related decisions; deal with occasional changes in a routine work setting; and occasionally interact with coworkers and the public.

Tr. 21.

At step four, the ALJ determined Plaintiff has no past relevant work. Tr. 43. At step five, the ALJ concluded, based on the VE's testimony, that there were a significant number of jobs in the national economy Plaintiff could perform despite her impairments. *Id.*

**DISCUSSION**

Plaintiff asserts that the ALJ erred in rejecting Plaintiff's testimony regarding her frequent uncontrollable bouts of crying, without providing a clear and convincing reason supported by substantial evidence. *Brown-Hunter*, 806 F.3d at 488-89 (if a claimant provides objective medical evidence of an underlying impairment and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discounting the claimant's testimony); 20 C.F.R. § 404.1529. The Court agrees that the ALJ erred.

Plaintiff testified at the ALJ hearing that she experiences uncontrollable bouts of crying and she is unable to work when she is crying. She was frequently off-task at work. She further testified that she lost her three most recent jobs because she stopped working while crying uncontrollably. Specifically, regarding her most recent job, she testified that, due to her unscheduled crying breaks, she received three warnings from her supervisor, and elected to resign rather than be terminated. Tr. 47-48. The frequent bouts of uncontrollable crying last anywhere from several minutes to 1.5 hours. Tr. 52. When asked whether her bouts of uncontrollable crying have stopped, now that she is no longer employed, she testified that she still has crying spells. When asked if it happens "more or less often" now, compared to when she was working, she stated:

> I feel like it's even more than it was during the time I was working just because over time it has gotten progressively worse. So, I tend to have them sporadically throughout the day. It's gotten to the point where I might be driving or in a store and it happens. And I just have to either leave or, you know, hope that nobody really notices.

*Id.* Plaintiff also testified that, over time, she has tried 16 or 17 different medications to treat her depression. *Id.* She has been told by many of her providers that she has "treatment-resistant depression." *Id.*

The ALJ explicitly acknowledged that the mental status examinations ("MSEs") in the record documented that Plaintiff was depressed, anxious, and regularly thought of killing herself. Tr. 26 (stating, "apart from periodic depressed mood, anxiety, and passive suicidal ideation [Plaintiff's] mental status examinations were generally normal."). The ALJ's conclusion, that the MSEs show that Plaintiff's symptoms were not as severe as alleged, is therefore not clear and convincing, nor is it supported by substantial evidence.

Additionally, the ALJ's citations to the record, purporting to support the conclusion that Plaintiff's mental health symptoms had improved over time, are not supported. *See* Plf Brief (ECF #12), p. 8 (documenting consistent reports of depression across all of the ALJ's citations to the record). By contrast, the objective medical evidence, including the MSEs, support Plaintiff's testimony that she has consistently experienced depression. The ALJ failed to give clear and convincing reasons to discount her testimony that she experiences frequent bouts of uncontrollable crying as a result of that depression.

If Plaintiff's symptom testimony is credited as true, the record reflects Plaintiff would likely be unable to work. The ALJ asked the VE, "if someone requires additional breaks throughout the workday – let's say, in addition to regularly scheduled breaks and lunch they need at least two additional breaks of at least half an hour each, could that person sustain full time work in your experience?" Tr. 56. The VE answered, "Not competitively… that's not consistent with competitive employment demands." *Id.* The VE gave the same answer regarding if someone is missing more than 16 hours of work per month for any reason. *Id.*

Here, it is not entirely clear exactly how much work time Plaintiff would miss due to her frequent bouts of uncontrollable crying. Additionally, Plaintiff does not request remand for immediate payment of benefits. Instead, Plaintiff requests that the ALJ decision be reversed and remanded for further proceedings and for the ALJ to properly consider the evidence. This request is granted.

**CONCLUSION**

For the reasons discussed above, the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings. On remand, the ALJ shall properly credit and consider the Plaintiff's depression and symptom testimony.

DATED this 14 day of August, 2026.

MARK D. CLARKE
United States Magistrate Judge